IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| Debra Weerts, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:07-cv-102 |
| | ) | |
| -vs- | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER ON PLAINTIFF'S AND** |
| Integon National Insurance Company and | ) | **DEFENDANT INTEGON NATIONAL** |
| Barjan Products, LLC, | ) | **INSURANCE COMPANY'S CROSS-** |
| | ) | **MOTIONS FOR SUMMARY** |
| Defendants. | ) | **JUDGMENT** |
| | ) | |

Before the Court are cross-motions for summary judgment filed by Defendant Integon

National Insurance Company (Doc. #19) and Plaintiff Debra Weerts (Doc. # 24).  The Court,

having considered all of the briefs and documents filed by the two parties, now issues this

memorandum opinion and order.

## SUMMARY OF DECISION

Plaintiff commenced this action alleging two distinct claims against two separate

defendants.  She has sued Defendant Barjan Products, LLC for negligence and Defendant

Integon National Insurance Company ("Integon") for breach of contract.  Because the contract at

issue with Defendant Integon limits her recovery to $30,000, this Court finds it has no subject

matter jurisdiction over the claim and, therefore, dismisses Defendant Integon from this action

and finds the parties' cross-motions for summary judgment moot.

## FACTUAL BACKGROUND

Plaintiff alleges that while securing a tote using a 31-inch tarp strap manufactured by

Barjan Products, the tarp strap broke, which caused her to fall onto the ground and injure her

right arm.  (Doc. #1, Complaint).  Defendant Integon insured the truck upon which Plaintiff was

standing at the time of her injury.  In addition to her negligence claim against Barjan Products,

Plaintiff seeks to recover no-fault benefits against Integon in this action.

## DISCUSSION

Because a federal court is a court of limited jurisdiction, it is obligated to address

jurisdictional issues even when the parties do not raise them.  McAdams v. McCord, 533 F.3d

924, 927 (8th Cir. 2008).  The requirement that federal court jurisdiction be established is a

threshold matter arising out of the nature and limits of the judicial power of the United States.

Godfrey v. Pulitzer Pub. Co., 161 F.3d 1137, 1141 (8th Cir. 1998).  A federal court must

acknowledge its lack of jurisdiction in cases based on diversity jurisdiction whenever "it appears

to a legal certainty that the claim is really less than the jurisdictional amount."  Kopp v. Kopp,

280 F.3d 883, 884 (8th Cir. 2002).

Federal court diversity jurisdiction of state law claims requires an amount in controversy

greater than $75,000 and complete diversity of citizenship among the litigants.  28 U.S.C. §

1332(a).  In reviewing the complaint, it appears complete diversity among the parties exists.  As

for damages, Plaintiff's complaint demands judgment against the defendants, "individually and

separately," in a sum in excess of $75,000.  The issue this case presents is whether this Court has

jurisdiction over two distinct claims against two separate defendants when the damages against

one of the defendants is contractually capped at an amount less than the jurisdictional threshold.

Plaintiff has sued Defendant Barjan Products for negligence.  She seeks damages in

excess of $75,000 against Barjan.  Generally, a complaint that alleges a jurisdictional amount in

good faith will suffice to confer jurisdiction.  OnePoint Solutions, LLC v. Borchert, 486 F.3d

342, 346 (8th Cir. 2007).  While the Court expresses no opinion on the merits of this negligence

2

claim, it is possible that a jury could reasonably award damages that may exceed $75,000.  Thus, this Court has subject matter jurisdiction over this claim.  See id.; 28 U.S.C. § 1332(a).

Plaintiff has also brought a separate claim against Integon for no-fault benefits.  The United States Supreme Court has made clear that "[w]e have consistently interpreted the jurisdictional statute passed by Congress as not conferring jurisdiction where the required amount in controversy can be reached only by aggregating separate and distinct claims."  Snyder v. Harris, 394 U.S. 332, 338 (1969).   Thus, the general rule with respect to aggregation of claims by a plaintiff against two or more defendants is that claims can be aggregated for the purpose of attaining the jurisdictional amount only when the defendants are jointly liable to the plaintiff.  E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co., 160 F.3d 925, 933 (2d Cir. 1998); Motorists Mut. Ins. Co. v. Simpson, 404 F.2d 511, 513 (7th Cir. 1968);  Jewell v. Grain Dealers Mut. Ins. Co., 290 F.2d 11, 13 (5th Cir. 1961); Osbahr v. H & M Constr., Inc., 407 F.Supp. 621, 622 (N.D. Iowa 1975).  As a result, a claim against each severally liable defendant must meet the amount in controversy requirement before the federal court has jurisdiction over the claim.  Id.

In reviewing the documents filed with Plaintiff and Integon's cross-motions for summary judgment, it is apparent that damages against Integon are capped at $30,000 under the insurance policy.  (Doc. #21-2, p. 2).  A plain reading of the complaint indicates there is no joint liability between Defendants Barjan and Integon, nor is there any common liability alleged between these two defendants.  Consequently, Plaintiff cannot aggregate the negligence claim with the no-fault claim to achieve jurisdiction over the no-fault claim in this Court.  See E.R. Squibb & Sons, Inc, 160 F.3d at 933; Motorists Mut. Ins. Co., 404 F.2d at 513;  Jewell v. Grain Dealers Mut. Ins. Co.,

3

290 F.2d at 13.

Because the no-fault claim against Integon does not meet the amount in controversy requirement and there is no joint liability between the two defendants, this Court does not have jurisdiction over the claim.  See Jewell, 290 F.2d at 13 (dismissing insurance carrier because policy limit was below jurisdictional requirement and no joint liability between primary carrier and excess carrier); Osbahr, 407 F.Supp. at 622 (dismissing claim against broker for an alleged overpayment on purchase price of lot for failure to meet amount in controversy requirement, but allowing breach of contract claim to go forward because alleged damages exceed jurisdictional requirement); See also 28 U.S.C. § 1367 (district court with diversity jurisdiction does not have supplemental jurisdiction over a claim against a defendant joined under Fed. R. Civ. P. 20 if the exercise of jurisdiction over such a claim would be inconsistent with the jurisdictional requirements of 28 U.S.C. § 1332).  For these reasons, Integon is hereby dismissed from this action.  Plaintiff may pursue her claim against Integon in state court if she wishes to move forward with it.

## CONCLUSION

Because this Court lacks subject matter jurisdiction over Plaintiff's no-fault claim, Defendant Integon National Insurance Company is dismissed from this action.  The cross-motions for summary judgment between the parties are moot.

**IT IS SO ORDERED**.

Dated this 22nd  day of January, 2009.

/s/ Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court

4